**UNITED STATES of America,**
**Appellee,**

v.

**Neville THOMAS, Defendant–Appellant.**

**No. 05–4034–cr.**

United States Court of Appeals,
Second Circuit.

June 5, 2006.

Thomas P. Belsky, Assistant Federal Defender (Thomas G. Dennis, Federal Defender, on the brief), New Haven, CT, for Defendant–Appellant.

Thomas V. Daily, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, on the brief; William J. Nardini, Assistant United States Attorney, of counsel), New Haven, CT, for Appellee.

PRESENT: DENNIS JACOBS and B.D. PARKER, Circuit Judges, and DAVID G. TRAGER,* District Judge.

### *SUMMARY ORDER*

Defendant Neville Thomas appeals from a judgment, entered on July 21, 2005 in the United States District Court for the District of Connecticut (Kravitz, J.), convicting him (following a guilty plea) of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and sentencing him to 77 months' incarceration. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Since Thomas does not contend that the investigatory stop of the vehicle and request to exit was unreasonable, the sole issue on appeal is whether the district court erred in determining that the police had reasonable suspicion to pat him down.

Under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), a police office may take steps to assure himself that a person with whom he is dealing at close range is not armed. Here, the Hartford policemen had reasonable suspicion to conclude that Thomas was "armed and presently dangerous," thereby warranting the pat-down frisk. *Id.* at 21–22, 30, 88 S.Ct. 1868 (1968). The officers observed Thomas (and another man) in the early morning hours, in a high crime neighborhood, sitting in a rented van with tinted windows; they were in the only vehicle parked on the street, on the wrong side of the street, with the engine running; and the driver said he was parked there because he was coming from an address that was a block away. And Thomas was acting suspiciously: he twitched about, stut-

---

* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

tered, moved his hands nervously, rubbed his legs, licked his lips, and looked around furtively. These facts suffice to support reasonableness. *See Adams v. Williams,* 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972) (holding that a pat-down is reasonable to "allow the officer to pursue his investigation without fear of violence"); *Holeman v. City of New London,* 425 F.3d 184, 189–91 (2d Cir.2005) (finding a pat-down frisk reasonable after police pulled over a car with tinted windows driving a "circuitous route through a troubled neighborhood" in the pre-dawn hours); *United States v. Paulino,* 850 F.2d 93, 98 (2d Cir.1988) (holding that "furtive movement provided a legal basis for the protective search"); *see also United States v. Arvizu,* 534 U.S. 266, 274, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) ("The likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard."). "[A] reasonably prudent man in the[se] circumstance would be warranted in the belief that his safety or that of others was in danger." *Terry,* 392 U.S. at 27, 88 S.Ct. 1868. Therefore, the court did not err in denying the motion to suppress the weapon.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**